# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JESUS GOMEZ, Inmate #R08988,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) |
| **ROGER WALKER, CHARLES HINSLEY, EUGENE McADORY, MELODY FORD, PAM GRUBMAN, DEBI MIDDENDORF, CINDY HOBROCK, FAISAL AHMED,** | ) **CIVIL NO. 05-590-JPG** |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the Hill Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. The case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915(e)(2), which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal –
>         (I) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds that none of the claims in the complaint may be

dismissed at this point in the litigation.

## FACTUAL ALLEGATIONS

Based on the allegations in the complaint, the Court has gleaned the following. Prior to his incarceration in the Illinois Department of Corrections ("IDOC"), Plaintiff was severely injured in a car accident. Plaintiff was in a coma for 30 days following the accident and he suffered many broken bones and severe internal injuries that required an ileostomy and a colostomy. At some point after those surgeries, Plaintiff was placed in the Cook County Jail, in Chicago, Illinois. During his time there, Plaintiff was scheduled to receive surgery to reverse the colostomy, but before the surgery was performed, Plaintiff was taken into IDOC custody.

While Plaintiff was housed in the Big Muddy River Correctional Center, he began to experience problems, including nausea, vomiting, and pain, discomfort, inflamation, infection, and discharge at the colostomy site. He saw Doctor Obaisi (not a defendant) on June 21, 2001, and Dr. Korman (not a defendant) on July 24 and 29, 2002. He was promised a referral to a specialist by Dr. Korman, but Dr. Hamby (not a defendant) the new medical director, denied that consultation. Beginning in January 2002, Plaintiff filed grievances seeking treatment for those problems and seeking the colostomy reversal surgery that was scheduled but was never performed. Plaintiff's grievances were not adequately addressed or acted upon.

Plaintiff was later transferred to Menard Correctional Center. On April 25, 2003, Plaintiff saw Dr. Doughty (not a defendant) who took away his wheelchair, despite Plaintiff's complaints of pain and muscle spasm in his lower back, and continued difficulties at the colostomy site. While in the Menard Health Care Unit in September 2003, Defendant Ahmed stated to Plaintiff, "you come into the department with that problem and you are going to haave to live with it while you are here,

so you are going to leave with it." Plaintiff claims that Defendant Ahmed falsified Plaintiff's medical records to "downplay the seriousness" of his medical conditions. Plaintiff states that the "medical directors" have denied him adequate treatment for Plaintiff's medical problems, even though they are aware of the swelling, infection, discharge, nausea, and vomiting from which Plaintiff suffers. Plaintiff states that these "medical directors" have acted with "malicious intent" and that their actions constitute deliberate indifference to his medical needs.

## LEGAL STANDARDS

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at —, 114 S.Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). However,

the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health – that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996). Based on these standards, Plaintiff's claim of deliberate indifference to his serious medical needs cannot be dismissed at this point in the litigation.

**DEFENDANTS**

A word about defendants is in order, however. Plaintiff lists Roger Walker, Charles Hinsley, Eugene McAdory, Melody Ford, Pam Grubman, Debi Middendorf, and Cindy Hobrock as defendants in the caption of his complaint. However, the statement of claim does not include any allegations against these defendants. The reason that Plaintiffs, even those proceeding pro se, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery"). Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Based on these legal standards, Defendants Walker, Hinsley, McAdory, Ford, Grubman, Middendorf, and Hobrock must be dismissed from the action because Plaintiff has made no specific allegations against them. Accordingly, Plaintiff may proceed on his claims against ***only*** Defendant Ahmed.

The Court notes that Plaintiff makes allegations against the "medical directors" who he claims were also responsible for violating his constitutional rights, but he does not name these individuals. To the extent that any of the dismissed defendants are these "medical directors" against

whom Plaintiff wishes to proceed, Plaintiff must file an amended complaint, in accordance with the Federal Rules of Civil Procedure and the Court's local rules,[1] specifying these individuals by name and describing how each of them, individually, violated his constitutional rights.

## DISPOSITION

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for *Defendant Ahmed*. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on *Defendant Ahmed* in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that

---

[1] Local Rules 15.1 states:

> Amended pleadings and supplemental pleadings shall contain all allegations which a party intends to pursue. All new material in the amended pleadings shall be underlined. The original of the amended pleading shall be attached to the motion to amend the pleading so that it may be filed if the motion to amend is granted.

the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from IDOC pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the

Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**Dated: September 28, 2006**

        **s/ J. Phil Gilbert**
        **U. S. District Judge**