IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JESUS GOMEZ,** | ) |
| Plaintiff, | ) |
| v. | ) Civil No. **05-590-JPG-CJP** |
| **ROGER WALKER, et al.,** | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

**PROUD, Magistrate Judge:**

Dr. Faisal Ahmed, the only remaining defendant in this action, is before the Court seeking dismissal of the complaint for failure to timely effect service of summons and the complaint within the 120 day period prescribed by Federal Rule of Civil procedure 4(m). **(Doc. 20).** Plaintiff has not filed a response to the subject motion. This Report and Recommendation is respectfully submitted to United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

Federal Rule of Civil Procedure 4 provides in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

**Fed.R.Civ.P. 4(m).**

The complaint was filed August 15, 2005. **(Doc. 1).** Defendant correctly observes that service was not effected until April 11, 2007, approximately 600 days after the complaint was filed. **(Doc. 14).** Thus, it would appear that service was not timely.

1

A review of the record reveals that plaintiff is not proceeding as a pauper under 28 U.S.C. § 1915; therefore, the U.S. Marshals Service had no obligation to effect service on plaintiff's behalf. **28 U.S.C. § 1915(d).** However, Federal Rule of Civil Procedure 4(c)(2) does give the Court discretion to direct the U.S. Marshals Service to effect service. The District Court opted to have the U.S. Marshal, not plaintiff, effect service upon defendant Ahmed. **(Doc. 20).** The Court's decision served to extend the 120-day service deadline, as is allowed under Rule 4(m). *See Del Raine v. Williford*, **32 F.3d 1024, 1030-1031 (7th Cir. 1994).**

Insofar as defendant complains about the long period of time it took between the filing of the complaint and when service was accomplished, all delays are clearly attributable to the Court and U.S. Marshal, as well as the usual obstacles encountered when the U.S. Marshal must track down the address of a prison employee, or contract employee (which causes further delay). Plaintiff cannot be prejudiced for matters out of his control.

### Recommendation

For the aforestated reasons, it is the recommendation of the Court that defendant Ahmend's motion to dismiss **(Doc. 19)** be denied.

**DATED: February 15, 2008**

> **s/ Clifford J. Proud**
> **CLIFFORD J. PROUD**
> **U. S. MAGISTRATE JUDGE**

### Notice of Response Deadline

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the

parties shall file any objections to this report and recommendation on or before **March 3, 2008**. No extensions of time will be granted.